## United States District Court

_____ DISTRICT OF _____ DELAWARE _____

UNITED STATES OF AMERICA

v.

WILLIE BROWN

Criminal Complaint 06- 50M - MPT

SEALED
unsealed 7/27/06

(Name and Address of Defendant)

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>November 30, 2005 and March 16, 2006</u>, in <u>Kent</u> County, in the District of <u>Delaware</u> defendant, Willie Brown (Track Statutory Language of Offense)

did on November 30, 2005, distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and on March 16, 2006, did aid and abet the distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2

in violation of Title _____ United States Code, Section(s) _see above_____.

I further state that I am a(n) _Special Agent, DEA_ and that this complaint is based on the following facts:
                                          Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:    YES

_____
Signature of Complainant
Jeffrey Dunn
Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

_April 26, 2006_____    at   _Wilmington, DE_____
Date                                          City and State

Honorable Mary Pat Thynge
United States Magistrate Judge                _____
Name & Title of Judicial Officer              Signature of Judicial Officer

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your Affiant Jeffrey Dunn, being duly sworn and deposed, states as follows:

1.      Your Affiant is a Special Agent with the United States Drug Enforcement Administration (hereinafter "DEA"). As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) and empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have been a Special Agent with DEA for approximately nine years, currently assigned to the Dover, Delaware, Resident Office. Among other duties, I am now responsible for the instant investigation.

2.      During my nearly nine years with the DEA, I have participated in numerous drug and money laundering investigations during the course of which I have conducted physical and wire surveillance, executions of search warrants, reviews and analyses of taped conversations and records of drug traffickers. Therefore, I am familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, and the efforts of persons involved in such activity to avoid detection by law enforcement, as well as methods used to finance drug transactions and launder drug proceeds.

3.      On November 30, 2005, DEA formulated plans to have an undercover agent ("UC1") purchase crack cocaine from Willie Brown. Acting on instructions from DEA, a confidential source placed a call to 302-270-9165 to arrange a meeting between Brown and UC1. At or around 6:15 p.m., UC1 traveled to a Laundromat in the 1100 block of South Bay Road in Dover to meet with Brown. At about 6:16 p.m., a light colored Buick Rendezvous arrived at the Laundromat and parked next to a blue Nissan Quest. Brown got out of the Rendezvous and walked to the driver's side door of the Nissan. At the same time, UC1 got out of UC1's vehicle and also approached the blue Nissan Quest. Brown opened the driver side door of the blue Nissan Quest door and reached under the driver's seat. UC1 opened the passenger side door and placed $1,800 under the passenger seat. UC1 then approached Brown, shook his hand, and walked to the driver's side of the blue Nissan Quest. UC1 reached under the driver's seat and retrieved two small clear plastic baggies containing an off-white chunky substance. UC1 then went up to Brown and told Brown that if the crack cocaine was "right", then UC1 would "step it up." Brown responded "alright."

4.      The substance in the two plastic baggies was subsequently sent to the North East Regional Lab for analysis. The lab indicated that substance was cocaine base with a net weight of 55.6 grams.

5.      On March 16, 2006, at approximately 4:44 p.m., UC1 telephoned Willie Brown at (302) 270-9165. During the conversation, UC1 made arrangements with Brown to purchase approximately 169 grams (6 ounces) of crack cocaine (cocaine base) from Brown at a Laundromat in Dover, Delaware.

6.      On March 16, 2006, at approximately 8:40 p.m., Brown telephoned UC1 and directed

UC1 to the Target department store in Dover. Brown also told UC1 that he (Brown) would be arriving in a black car. As instructed, UC1 drove to Target, where UC1 observed an unknown male (subsequently identified as "AUK") walk from a dark colored car and motion to UC1. UC1 then drove the undercover vehicle (hereafter "UCV") towards AUK. AUK then entered the front passenger seat of the UCV and retrieved a clear plastic bag containing an off-white rock-like substance from his (AUK'S) jacket pocket. UC1 then asked, "six for forty-eight?[1] (meaning six ounces of crack cocaine for forty-eight hundred dollars)" AUK replied, "yeah, that is the price you agreed on." AUK then handed the clear plastic bag with the off-white rock-like substance to UC1, who in turn gave AUK $4,800 in Official Authorized Funds. AUK then exited the UCV and UC1 departed the area.

7. Following the undercover purchase, UC1 returned to the DEA Dover Resident Office. After returning, the off-white rock like substance was field tested. The substance tested positive for the presence of cocaine. The substance was also weighed and found to weigh approximately 113 grams (four ounces), and not the agreed upon 169 grams (six ounces). The substance was subsequently sent to the DEA North East Laboratory where is was confirmed to be cocaine base with a net weight of 106.5 grams.

8. Due to the discrepancy of the weight of the crack cocaine, UC1 telephone Brown at (302) 270-9165. UC1 and Brown agreed to meet at a later date where Brown would give UC1 the approximately 56 grams (two ounces) of crack cocaine that was owed to UC1 by Brown.

Based on the above information, I believe that there is probable cause that on or about November 30, 2005, Willie Brown violated Title 21 United States Code § 841(a)(1) and (b)(1)(a) by distributing 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, and that on March 16, 2006, Willie Brown violated Title 21 United States Code § 841(a)(1) and (b)(1)(a) and Title 18, United States Code Section 2 by aiding and abetting the distribution of 50 grams or more of a mixture and substance containing a detectable amount of cocaine base.

*Jeffrey Dunn*, Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on
this the 26th day of April 2006.

Honorable Magistrate Judge Mary Pat Thynge

---

[1] Not all portions of the undercover consensual recordings are described herein. To the extent that quotations are used, the quoted segments are based on summaries of the recordings and not final transcripts. All dates and times are approximate.

2