AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
v.
Willie Brown
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-50-1-GMS

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in 21 USC §841, 846.
  - ☐ under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
MAY 23 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X clear and convincing evidence  X a preponderance of the evidence: The court finds that defendant should be detained and that there are no conditions or combination thereof that will reasonably assure defendant's appearance as required and the safety of the community on the following bases:

1. Although defendant has maintained steady employment, is a life long resident of the community, the factors noted below fair outweigh these positive points.
2. At the time of his arrest, defendant was on state probation and not reporting as scheduled. Further at the time of some of the charges, defendant as on house arrest/detention (until December 2005), yet made a drug sale to an undercover in November 2005 away from of his home (count II).
3. Regarding counts III & IV, although defendant did not deliver the drugs for purchase directly to the undercover, he made the arrangements with the undercover officer via the telephone. Delivery was made by co-defendants who confirmed at the time of the transaction that the cocaine (crack) was "willie's" stuff. Moreover, when there was a "short" in the third sale, communication via telephone occurred between the undercover and defendant to resolve the shortage, and not with the codefendants.
4. Defendant's criminal history strongly supports that he is a danger: as a juvenile he was found delinquent in 1999 for possession of cocaine ( reduced from possession with intent to deliver). In 2001 he was charged with assault 3rd, endangering a welfare of a child, theft, burglary. Although these charges were dropped, capias was issued for failure to appear. in November 2004, defendant was convicted of carrying a concealed deadly weapon, terroristic theatening, forgery 3rd and criminal impersonation. Later in 2004, he was charged with assault 2nd (3 counts), riot and conspiracy 2nd. Again those charges were dismissed and again a capias was issued for failure to appear. Defendant pled guilty to possession of a firearm/ ammo by a person prohibited for which another failure to appear capias was issued. He received 6 months home confinement, 6 months intensive probation and then 6 months probation. He has not completed the home confinement at the time of the direct sale to the undercover in November 2005.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

May 19, 2006
Date

Signature of Judicial Officer
Mary Pat Thynge, Magistrate Judge
Name and Title of Judicial Officer

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).