IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 06-50 (GMS) |
| vs. | : | |
| WILLIE BROWN | : | |

**MOTIONS TO SUPPRESS TITLE III
WIRETAPS AND PHYSICAL EVIDENCE**

FILED
JAN 10 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

AND NOW, the defendant, Willie Brown, by and through his counsel does file the within Motions and avers as follows:

1. The defendant, Willie Brown, and others have been indicted for Federal Narcotics.

2. The within Motion respectfully seeks to Suppress Evidence obtained against the defendant, from the Wiretaps in which the defendant's voice is allegedly present.

I. **TITLE III WIRETAPS**

3. An original interception of wire communications was authorized by the Honorable Sue Robinson on February 21, 2006.

4. A number of calls involving Brown and others were initially intercepted and which he moves to Suppress: They are referenced as Target Telephone 302-270-9165. A number of different calls over several months were intercepted. A number of consensual calls were also allegedly received from Brown at 302-241-6724. Calls were also intercepted from 302-883-1618.

**LEGAL DISCUSSION**

6. Electronic devices enable the Government to monitor and record conversation, to monitor movement of people and things and to trace or record telephone calls. Given the threats to privacy, Congress enacted Title III of the Ominbus Crime Control and Safe Streets Act of 1968. 18 U.S.C. §2510-2522(2000). Title III requires that certain procedures be followed before the Government can conduct telephonic surveillance. The Government must first receive authorization to apply for a Court order authorizing the interception of telephone calls which only the Attorney General or a specially designated Assistant or Deputy Attorney General may authorize. See, 18 U.S.C. §2516. In considering an application, the Court may rely on factual statements in the application and affidavits. See, 18 U.S.C. § 2518 (1)(a). The application must have full and complete statements fo the alleged crime, the facilities from which the telephone calls are to be intercepted, a particular description of the

communications sought to be intercepted, and the identity of the individual, making the alleged criminal communication. See, 18 U.S.C. § 2518 (1)(b). Also required is a full and complete statement of whether other investigative procedures have been attempted a failed, or why they appear unlikely to succeed or are too dangerous. See 18 U.S.C. § 2518 (1) (c); United States vs. Kahn, 415 U.S. 143, 153 N. 12 (1974). Additionally, there are the requirement of a full statements of the period for which the interception is to occur as well as information regarding previous applications involving any of the same persons, places or things. See, 18 U.S.C. § 2518 (1)(d) (e), United States vs. Carrazana, 921 F. 2nd 1557, 1565-66(11th Cir. 1991). A court must find that normal investigative techniques have failed or would fail or are too dangerous, as stated above. cf United States vs. London, 66 F. 3rd 1227, 1237 (1st Cir 1995); United States vs. Diaz,, 176 F. 3rd 52, 110-11 (2d Cir 1999). Title III requires that surveillance "terminate upon attainment of the authorized objective" See, 18 U.S.C. § 2518 (5); cf United States vs. Earls, 42 F 3rd 1321, 1325 (10th Cir 1994). Lastly, there are four post authorization duties that the Government must follow. These procedures first require that the government must minimize the scope of the interception outside of the order and that such minimization must be objectively reasonable. United States vs. Scott, 436 U.S. 128, 136-37 141-43 (1978). Second, the Court must seal the application (which was done

in this case). 18 U.S.C. § 2518 (8) (a). Third, after the interception is done an inventory must be issued and failure to do so may constitute an incurable prejudice. United States vs. Donovan, 429 U.S. 413, 438-39 (1977). Fourth, intercepted communication obtained in an authorized fashion may be used in these situations: (1) a law enforcement office may disclose the contents of the communication to another law enforcement agency "to the extent such disclosure is appropriate" (2) law enforcement may use the communication in the performance of their duties, and (3) any person may disclose the contes of the communication while giving testimony. See, 18 U.S.C. 2517 (1),(2).

7. It is respectfully submitted that the initial and subsequent application for wiretaps in this case were done without a legitimate basis that normal investigative techniques would fail or otherwise be too dangerous. The bold conclusory allegations of government agents are insufficient and an evidentiary hearing on this issue is respectfully requested. Moreover, the surveillance could have easily terminated and there was no further need for additional wiretaps, or as soon thereafter as alleged drug conversations were captured. It is also respectfully submitted that the minimization requirement was not adhered to and an evidentiary hearing is respectfully requested. It is

therefore respectfully requested that the above wiretaps be suppressed after a hearing on the merits.

For all of the foregoing reasons, it is respectfully requested that the within Motion be GRANTED.

*Respectfully submitted,*

LOUIS T. SAVINO & ASSOCIATES

By: _____
ELLIOT M. COHEN, ESQ.
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

Elliot M. Cohen, Esquire being duly sworn according to law, deposes and says that on the 8th day of January, 2007 a copy of the within document was served upon the following individuals:

> **United States District Court**
> District of Delaware
> 844 King Street - Clerk's Office
> Wilmington, DE 19801

> **Honorable Gregory M. Sleet**
> 844 King Street
> Wilmington, DE 19801

> **Douglas E. McCann, Esquire**
> United States Attorney's Office
> District of Delaware
> 1007 Orange Street
> Wilmington, DE 19801

> **Mr. Willie Brown**
> c/o Salem County Correctional Facility
> 125 Cemetary Road
> Woodstown, NJ 08098

*LOUIS T. SAVINO & ASSOCIATES*

By: _____
ELLIOT M. COHEN, ESQ.
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | : No. 06-50 (GMS) |
| vs. | : |
| WILLIE BROWN | : |

ORDER

AND NOW this _____ day of _____, 2007 upon the motion of defendant, Willie Brown, it is hereby **ORDERED** and **DECREED** that the Motion to Suppress Title III Wiretaps Pursuant to the Fourth Amendment of the Federal Constitution and 18 U.S.C. §2510-2522 (2000) is **GRANTED**.

BY THE COURT:

_____
J.