

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*The Nemours Building*  *(302) 573-6277*
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

February 8, 2007

**BY CM/ECF**

Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324
Lockbox 19
Wilmington, Delaware 19801

    **Re:  United States v. Willie Brown, et al., Cr. A. No. 06-50 GMS**

Dear Judge Sleet:

    The government writes in response to Defendant Ashley Harrison's letter (through counsel) dated February 5, 2007.

    As the Court will recall, Defendant Harrison filed motions to compel discovery of various things including the notes and reports of interviews of cooperating defendants in this case. D.I. 59, 77. In its response, the government argued that under the Jencks Act and applicable Third Circuit case law, it cannot be compelled to produce the materials before trial. D.I. 95 at 11-12.

    At the January 9, 2007 motions hearing, the government stated it had withheld the cooperating defendant materials thus far because it wanted to be sure that first, later witness interviews were not unduly influenced by the reports of earlier interviews; and second, that the written record of the cooperators' interviews not be used as a tool to intimidate them. The latter concern is now the government's primary issue with respect to production of the materials.

    Notwithstanding the government's position that applicable law does not require early disclosure, and its concern that the materials could be used improperly, the government stated at the hearing that it was willing to produce the materials by the end of January, provided that it could reach agreement on an appropriate protective order.

    The government circulated a protective order on January 19, 2007.[1] Counsel for defendant Brown executed it and returned it on January 23, 2007. (Attached to Tab B). Counsel for defendant Harrison wrote the government the same day, stating that "meeting with [defendant

---

[1] The stipulation is attached to Tab B.

Harrison] is a time consuming process that my schedule does not often allow." "The only practical alternative is to communicate with her by mail." Counsel than stated that paragraph 4 of the proposed stipulation would prohibit her from sending materials by mail, and asked the government to strike paragraph 4. *See* Tab A.

A central purpose of the stipulation is to require that defense counsel (and not their clients) maintain physical custody of these materials, or any summary, extract or verbatim account. Thus, the government wrote back on January 26, 2007, saying that it could not agree to strike paragraph 4. *See* Tab B. Defendant Harrison responded on January 29, 2007, contending that the government was attempting to limit counsel's ability to communicate with her client. *See* Tab C. The government wrote back on January 30, 2007, reiterating its position that it was not required to make early disclosures, that it was willing to do so given certain assurances, and that it was not seeking to impede Defendant Harrison's access to the documents; it was, however, seeking to prevent her from having custody over them, or any summary, extract, or verbatim account. *See* Tab D.

In her letter to the Court, counsel states that the government's proposed stipulation is particularly onerous because Ms. Harrison is incarcerated. Were she at liberty, counsel argues, she would be able to travel to Ms. Markind's office, review the documents, and then discuss them with Ms. Markind. However, Ms. Harrison's ability to engage with her lawyer in this manner is unaffected by the proposed stipulation save in one regard – that counsel will have to visit Ms. Harrison at Baylor WCI. The government submits that, in exchange for access to the documents two months before the trial, this is not an unreasonable circumstance.

The government is available at the call of the Court.

Respectfully,

COLM F. CONNOLLY
United States Attorney

BY: _____
Douglas E. McCann
Assistant United States Attorney

Enclosure

cc:  Beth Moskow-Schnoll, AUSA (by hand with enclosures)
     Elliot Cohen, Esquire (by first class mail with enclosures)

# EXHIBIT A

# LAW OFFICES OF
# DANIEL B. MARKIND

1500 Walnut Street
Suite 1100
Philadelphia, PA 19102
(215) 546-2212
(215) 735-9004 Fax
markindlaw@att.net

Plaza 1000 at Main Street
Suite 403
Voorhees, NJ 08043
(856) 874-0300
Fax (856) 489-5577

\* Members - Pennsylvania, New Jersey and New York Bars

REPLY TO: PHILADELPHIA

JOHANNA E. MARKIND°
° Member - Pennsylvania and New Jersey Bars

January 23, 2007

**VIA TELECOPIER TO: (302) 573-6220**
**AND FIRST CLASS MAIL**
Douglas E. McCann, Esquire (AUSA)
U. S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

RE:   UNITED STATES v. ASHLEY HARRISON
      CRIM. NO. 06-50

Dear Mr. McCann:

I have received and reviewed your draft Stipulated Protective Order. I am amenable to signing most of the provisions, with the exception of Paragraph 4. That paragraph states that defense counsel "may not leave the reports, **or any summary**, extract, or verbatim account of the reports, in the defendant's custody or control."

As you know, defendant Harrison is incarcerated. Meeting with her in person is a time consuming process that my schedule does not often allow. The only practical alternative is to communicate with her by mail. Paragraph 4 would seem to prohibit even privileged written correspondence with my client concerning the document production. That is not acceptable.

Please strike Paragraph 4 from your draft stipulation.

Very truly yours,

JOHANNA E. MARKIND

JEM:maj
cc.   Ms. Ashley Harrison

# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

January 26, 2007

**BY FACSIMILE**

Johanna Markind, Esquire
1500 Walnut Street
Suite 1100
Philadelphia, Pennsylvania 19102

    Re:    United States v. Ashley Harrison, Cr. A. No. 06-50 GMS

Dear Ms. Markind:

Further to your letter of January 23, 2007, I regret I cannot comply with your request. Please note that counsel for defendant Brown has signed the stipulation, as demonstrated in the attached. Let me know how you want to proceed.

                          Very truly yours,

                          COLM F. CONNOLLY
                          United States Attorney

                          BY: _____
                          Douglas E. McCann
                          Assistant United States Attorney

Enclosure

cc:    Beth Moskow-Schnoll, AUSA

**SEALED DOCUMENT**

# EXHIBIT C

LAW OFFICES OF
# DANIEL B. MARKIND

1500 Walnut Street
Suite 1100
Philadelphia, PA 19102
(215) 546-2212
(215) 735-9004 Fax
markindlaw@att.net

Plaza 1000 at Main Street
Suite 403
Voorhees, NJ 08043
(856) 874-0300
Fax (856) 489-5577

* Members - Pennsylvania, New Jersey and New York Bars

REPLY TO: PHILADELPHIA

JOHANNA E. MARKIND°
° Member - Pennsylvania and New Jersey Bars

January 29, 2007

**VIA TELECOPIER TO: (302) 573-6220**
**AND FIRST CLASS MAIL**
Douglas E. McCann, Esquire (AUSA)
U. S. Attorney's Office
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899

RE:  UNITED STATES v. ASHLEY HARRISON
     CRIM. NO. 06-50

Dear Mr. McCann:

The attempt to limit communications between my client and her counsel is unacceptable. You agreed to turn over the statements and we shall hold you to that. If the government believes it is entitled to special protections, it is its burden to establish that entitlement. I suggest we set up a conference call with Judge Sleet to resolve the matter.

As for the other matter, my client is in no position to make any commitments regarding scheduling motions *in limine* until she has the government's discovery in hand.

Very truly yours,

JOHANNA E. MARKIND

JEM:maj
cc.    Ms. Ashley Harrison

# EXHIBIT D



**U.S. Department of Justice**

*United States Attorney's Office
District of Delaware*

---

The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

January 30, 2007

**BY FACSIMILE**

Johanna Markind, Esquire
1500 Walnut Street
Suite 1100
Philadelphia, Pennsylvania 19102

    Re:    **United States v. Ashley Harrison, Cr. A. No. 06-50 GMS**

Dear Ms. Markind:

    At the January 9, 2007, hearing before Judge Sleet, the government indicated that while it believed that applicable law did not require it to produce the reports and notes of interviews of cooperating defendants in advance of the trial, it was willing to do so before the end of January provided that it could reach a satisfactory agreement with defense counsel on a protective order. The government circulated a protective order on January 19, 2007.

    You wrote a letter on January 23, 2007, where you stated that you were amenable to the terms of the Stipulated Protective Order except for paragraph 4. You objected to the language in paragraph 4 that states that defense counsel "may not leave the Reports, or any summary, extract, or verbatim account of the Reports, in the Defendants' custody or control." Your stated basis for the objection was that "meeting with [defendant Harrison] in person is a time consuming process that [your] schedule does not often allow" and that the "only practical alternative is to communicate with her by mail."

    In my letter of January 26, 2007, I told you that the government would not strike paragraph 4. I pointed out to you that the language was acceptable to defendant Brown's counsel, as evidenced by his decision to sign the proposed Stipulated Protective Order.

    On January 29, 2007, you wrote me again. In your letter, you stated that "the attempt to limit communications between my client and her counsel is unacceptable." You also stated that the government had "agreed to turn over the statements and we shall hold you to that." You also stated that "if the government believes it is entitled to special protections, it is its burden to establish that entitlement."

Letter to Johanna Markind, Esquire
January 30, 2007
Page 2

First, the government has not attempted to limit communications between you and your client – it is you who have chosen not to visit your client in person. Second, the government did not enter into an agreement with you to turn over the materials; it merely advised the Court that it was willing to do so if it could reach a satisfactory agreement among counsel. Third, the government does not seek special protections - its conduct is governed by the Jencks Act and other applicable law. If the defendants want the government to produce materials earlier than the law requires, they must reach an agreement satisfactory to the government on the terms of such disclosure, as counsel for defendant Brown has done.

Finally, you indicated that your client "is in no position to make any commitments regarding scheduling motions in *limine* until she has the government's discovery in hand." The Court has directed that motions in *limine* be filed in sufficient time to allow briefing to be completed on March 1, 2007. The proposed briefing schedule was designed to make that an orderly process; of course, you do not have to sign it if you do not wish to sign it. We will file our motions (if any) generally in accord with the proposed dates so that you have adequate time to respond.

Very truly yours,

COLM F. CONNOLLY
United States Attorney

BY: *[signature]*
Douglas E. McCann
Assistant United States Attorney

cc:   Beth Moskow-Schnoll, AUSA