

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*The Nemours Building*  (302) 573-6277
*1007 Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

March 1, 2007

**BY CM/ECF**

Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 N. King Street
Room 4324
Lockbox 19
Wilmington, Delaware 19801

    Re: **United States v. Willie Brown, et al., Cr. A. No. 06-50 GMS**

Dear Judge Sleet:

    Enclosed is Defendant Ashley Harrison's proposed voir dire. Through an oversight on the government's part, Defendant Harrison's proposed voir dire was not consolidated with the government's proposal as it should have been. I forward it to the Court on her behalf for the Court's consideration. I apologize for the inconvenience.

                                                  Respectfully,

                                                  COLM F. CONNOLLY
                                                  United States Attorney

                                        BY: _____
                                               Douglas E. McCann
                                               Assistant United States Attorney

Enclosure

cc:   Beth Moskow-Schnoll, AUSA (by hand with enclosures)
      Elliot Cohen, Esquire (by first class mail with enclosures)
      Johanna Markind, Esquire (by first class mail with enclosures)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA          :
                                  :
v.                                :    CRIMINAL NO. 06-50 (GMS)
                                  :
ASHLEY HARRISON                   :

### DEFENDANT ASHLEY HARRISON'S QUESTIONS
### FOR VOIR DIRE OF THE JURY

Defendant Ashley Harrison, by and through her attorney, requests, under Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the attached questions in its general voir dire of the jurors in order that the defense may effectively exercise its challenges for cause and its peremptory challenges:

I.  PERSONAL HISTORY AND BACKGROUND.

    1.  Each of you should state:

        (a)  your name;

        (b)  your addresses for the last five years;

        (c)  your marital status (whether married, single, widowed or divorced);

        (d)  the name and ages of your children, if any, and how they are employed;

        (e)  your occupation;

        (f)  how far you went in school (highest grade) and any current enrollment;

        (g)  if you attended college, state the name of the college and what degree(s) you acquired;

2. Are any of you, your close family or friends lawyers or law students or have any of you ever studied law in the past?

II. THE CASE ON TRIAL.

3. Do you, or do any members of your family or friends know or have an acquaintance with the Honorable Gregory M. Sleet, the presiding judge in this case?

4. Do you, or do any members of your family or friends know or have an acquaintance with the Assistant United States Attorney, Douglas E. McCann, who will be prosecuting this case?

5. Do you, or do any members of your family or friends know or have an acquaintance with the defense attorneys, Elliott M. Cohen or Johanna E. Markind?

6. Do you know or recognize any other prospective jury panelist in the courtroom this morning? If so, what is the basis of any relationship you may have with any such person? Would such relationship or acquaintance influence your judgment in this case?

7. Witnesses

    (a) (Request the prosecutor to read a list of agents involved in this case and proposed witnesses).

    (b) Brittney Robinson, Craig Durham, Marty Eaton, Mark Tatman.

    (c) Do you or any member of your family know or have an acquaintance with any of the persons just mentioned by the prosecutor? These persons are agents involved in this investigation and people who may testify at trial.

8. This case involves a claim that defendants illegal drugs. Is there anything about the nature of this case which would make it difficult for you to be fair and impartial as a judge of the facts?

9. If a person was previously convicted of a different crime, would you be able to be fair and impartial about whether he is guilty of the current charge?

10. Are you or any relative or close personal friend in any way connected with the Drug Enforcement Administration, the United States Attorney's Office, Dover Police, Delaware State Police, any other police department, district attorney's office, Delaware Probation and Parole, Internal Revenue Service, B.A.T.F., Secret Service, Military Police, U.S. Customs, or a private security firm?

11. Do you feel that police or federal investigator's testimony is more likely to be truthful or reliable than testimony by other witnesses?

12. If you had to choose whom to believe, a law enforcement officer or a lay witness called by a defendant, would you be likely to believe the law enforcement officer because he is a law enforcement officer?

13. Do you, or do any members of your family or friends know or have an acquaintance with either of the defendants, Willie Brown or Ashley Harrison?

14. Have you heard, read or seen anything about this case on television, in the newspapers or on the radio? If so, please simply raise your hand.

15. Do you know anything at all about the facts of this case other than what you have been told here in Court today? If so, signal that without disclosing your knowledge.

16. Are you familiar with the Capitol Green housing complex in Dover?

III. PRIOR JURY EXPERIENCE.

17. Have any of you or any members of your family or friends ever sat as a juror in a civil case? If so:

(a) when?

   (b) where?

   (c) how often?

18. Have any of you or any members of your family or friends ever sat as a juror in a criminal case? If so:

   (a) when?

   (b) where?

   (c) how often?

   (d) did you reach a verdict?

   (e) what was the verdict?

19. Have any of you or any members of your family or friends ever served on a jury in a case involving any federal investigating agency? If so:

   (a) when?

   (b) where?

   (c) what was the verdict?

20. Have you or any members of your family or friends ever served on a criminal case in which there was an acquittal? If so, did the judge comment on the verdict after it was brought in by the jury? If so, what was said by the judge?

21. Have any of you or any members of your family or friends ever served on a federal or state grand jury? If so:

   (a) when?

   (b) where?

   (c) how often?

    (d)    if you served as a grand juror, do you understand that a grand juror's function is merely to determine whether there is some basis, whether true or not, to bring a charge?

    (e)    do you understand that in contrast your function here is to determine whether the Government has proved the charge by credible evidence beyond a reasonable doubt?

## IV. EXPERIENCE WITH THE JUSTICE SYSTEM.

22. Have any of you, any members of your immediate family, or friends been a party in a civil action? If so, please explain.

23. Have any of you, any members of your family, or close personal friends ever testified in a civil or criminal trial or before a grand jury? If so, please explain.

24. Have you or any member of your family ever been arrested or charged with or convicted of a crime? If yes, please describe what happened?

25. Have you or any member of your family ever made a claim against any Government agency? If yes, please describe what happened.

## V. CONNECTION WITH LAW ENFORCEMENT.

26. (a) Do you have any relatives or friends who are connected with:

    (1)    law enforcement;

    (2)    a district attorney's office;

    (3)    the United States Attorney's office;

    (4)    any public law enforcement or private investigative or security agency?

    (b)    If your answer is yes, please explain.

    (c)    If you have any such relatives or friends connected with law enforcement, have you ever discussed guilt or innocence of people charged with violating the law? If yes, explain.

27.

    (a)    Have you or any members of your family or friends ever been a police officer or military police officer or worked in the security business either for the state or national government or for private industry?

    (b)    Have you or any members of your family or friends ever been employed by any law enforcement agency.

    (c)    Are any of you presently in the employ of the United States Government?

28.    Have you or any members of your family or friends ever had occasion to participate in any fashion or capacity with the State or Federal Government in any criminal investigation? If so, please explain.

VI.    LEGAL PRINCIPLES.

29.    Do you understand that an indictment is merely a device for setting in motion the presentation of a case to a jury for your individual determination of whether or not there is proof of guilt beyond a reasonable doubt; that is, the indictment is not proof and that no unfavorable inference may be drawn against the person merely because he or she is charged with a crime.

30.    How do you feel about our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt and to a moral certainty? Would you have any difficulty applying this presumption?

31. Do you realize that the burden of proof on the government is greater for a criminal case than for a civil case? The government's proof to establish the guilt of any person must be proof of guilt beyond a reasonable doubt.

32. Do you understand that the burden of proof beyond a reasonable doubt rests on the prosecution? Will you, as a juror, require the prosecution to prove each and every element of the charged offense beyond a reasonable doubt?

33. If the prosecution failed to meet its burden of proof with that degree of certainty amounting to proof beyond a reasonable doubt, would you have any difficulty in finding a person not guilty?

34. Do you realize that you must give the defendant the benefit of the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence unless it is overcome by proof of guilt beyond a reasonable doubt?

35. Knowing now that the burden of proof is for the prosecution to establish, would you require the defendants at any time to satisfy you as to his innocence?

36. Do you understand and accept the principle that a defendant in a criminal case is not required to explain his or her side of the case since the burden of proof rests with the prosecution throughout the case?

37. If either Willie Brown or Ashley Harrison chooses to exercise his constitutional right not to testify, would you consider this to be any indication of guilt?

38. If there are two equally reasonable theories of the case, based on the evidence, one of which leads to innocence and one of which leads to guilt, you must find the defendant not guilty. Will you do that?

39. Do you realize that the jurors are the sole and exclusive judges of the facts and that you are to judge this case solely on the evidence you hear in court and not allow any fear of later criticism to affect your verdict?

40. Would you change your verdict if a majority of the other jurors believed that a person was guilty and you were in the minority?

41. Would the fact that you were in the minority influence your vote at all?

42. Have any of you at this time formed any opinion about the guilt or innocence of either defendant?

43. In deciding whether or not you are going to believe the testimony of a witness, would you consider the benefits or potential benefits that witness may receive in exchange for his or her testimony?

44. Would you tend to give any greater weight or credibility, no matter how slight, to the testimony of a federal agent or prosecution witness merely because they are employees of, or are testifying for the government? Would you give their testimony greater weight or credibility than the testimony of the defendants should they elect to testify, or any defense witnesses called on their behalf?

45. What the lawyers say in this case when they address you in their opening statements and closing arguments is not evidence. Do you understand that the lawyers are not witnesses in this case and have no personal knowledge as to the facts in this case and, in fact, have no personal knowledge as to whether the defendant is guilty or innocent?

VII.   ABILITY TO SERVE AS A JUROR.

46.   Do you know of any reason, or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.

47.   Will the race of the defendants make it difficult for you to be a completely fair and impartial juror in this case? If there is, it is now your duty to disclose this.

48.   Do you have any hearing difficulties or trouble seeing?

49.   Do you have any physical or medical problem which would make it difficult for you to serve as a juror in this case?

50.   Will jury service in this case conflict with any religious belief or activities or yours?

51.   Have you had any earlier experience with being in any case in court? If so, was there anything about that experience--whether it involved the lawyers, the judge, the accused, the evidence, or your jury deliberations--that makes you feel that you would have trouble being fair and impartial, or that you believe would make it difficult for you to serve as a juror in this case?

52.   Have any of you formed any opinions about either prosecutors or defense attorneys which would affect you in deciding this case?

53.   Do you have any difficulty with sight or hearing or understanding the English language?

Respectfully submitted,

Johanna E. Markind, Esquire
1500 Walnut Street, Suite 1100
Philadelphia, PA  19102