In The United States District Court
For The District of Delaware



United States of America,
  Plaintiff,

V

Willie A. Brown
  Defendant.

Criminal Action No. 06-50(GMS)

FILED
APR 25 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Defendants request for Discovery Material  BD Scanned

Defendant Willie Brown, under Attorney Elliot Cohen respectfully request the Governments A.U.S.A to provide the Defendant with the below listed materials by the way of Discovery, in a timely fashion in line with the requirements of (Federal Rule of Criminal Procedure 16) and other applicable statutory and legal requirements.

I. The following is a list of "discovery materials" requested by the defendant. However, it must be noted that these material were not issued u the defendants first request for materials, via, discovery:

1 Grand Jury testimony transcripts
2 (Exhibit N-15) - (1) Eagle 8A digital audio recordings of exhibit 6 that was worn by Dover Police Department Confidental Source.

3 (Exhibit N-17) Confidental Source digital recordings of Dec 7, 2005

4 (Exhibit N-18) December 7, 2005 (6:20pm) Telephone conversation recordings.

5  N-20  December 20, 2005  Phone conversation

6  N-22  January 12, 2006  Phone conversation

7  N-24  Digital recording device audio

8  N-26

9  N-27

10 N-29  March 9  phone conversation

11 N-30  Eagle 8A digital recording March 9

2  N-32  Feb. 17, 2006 Phone conversation

13 N-42

14 N-43  Undercovers audio

United States of America
    Plaintiff,

V

Willie Brown
    Defendant

Criminal Action No **06-50 (GMS)**

## Certificate of Service

I Willie Brown, Under Attorney Elliot Cohen, hereby certify that on the date listed below, that I have sent the Defendants letter motion request For "discovery material" to the Clerk of Court For Filing and also to send a copy of such motion to the A.U.S.A Douglas E. McCann, 1007 Orange Street, 9th Floor, Wilmington, De. Another copy to Elliot Cohen, Two Penn Center Plaza Suite 1516 15th and JFK Boulevard Philadelphia, PA 19102

Defendant
Willie Brown
125 Cemetary Rd
Woodstown, New Jersey 08098

Dated April 22, 2007

SOUTH JERSEY NJ 080

23 APR 2007 PM 2 T

U.S.M.S.
X-RAY

Salem County Correctional Facility
This Address is A County institution
The inmate [illegible]

Clerks Office
844 N. King Street, Lockbox 18
Wilmington, De 19801-3570

19801+2351

[return address, upside down:]
illie Brown
S Cemetery Rd
odstown, NJ 08098

SALEM COUNTY
CORRECTIONAL FACILITY

# Proposed conclusion of law

CR 06-50

Willie Brown advances that court should hold an evidentiary hearing on Title III wiretaps. In a society which values privacy and the rights of the individual wiretapping is to be distinctly the exception and not the rule. (United States v Hoffman 832 F.2d 1299,1307 1st cir 1987). To ensure that law enforcement authorities do not resort to wiretapping when traditional investigative techniques would suffice, the government is "required to make a reasonable good faith effort to run the gamut of normal investigative procedures before resorting to means so intrusive as electronic surveillance of telephone calls" United States v Ashley 876 F2d 1069, 1072 (1st Cir 1989) quoting United States v Hoffman, 832 F.2d at 1306-07.

Before an interception order may issue, the district court must satisfy itself that the government has used normal techniques but has encounted difficulties in penetrating or gathering evidence to a point where (given the statutory preference for less intrusive techniques) wiretapping becomes reasonable. United States v Abou-Sauda, 785 F.2d 1,11 (1st cir 1986) See e.g United States v Carneiro, 861 F.2d 1171, 1176 9th cir 1988.) Moreover the necessity requirement must be satisfied as to <u>Each telephone number</u> for which the interception authorization is sought. See e.g United States v Brone, 792 F.2d 1504, 1507 (9th cir 1986) United States v Carneiro, 861 F.2d at 1180-82.

FILED APR 26 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

BD scanned

Generalization and boilerplate recitations regarding why traditional investigative techniques have not sufficed or why, if tried, they would not succeed, do not satisfy the critical necessity requirement, one of the central statutory safeguards against unwarranted invasions of privacy. See e.g United States v Oriakhi 57 F.3d 1290, 1298 (4th Cir 1995). Government may not make requisite necessity showing through a mere boilerplate recitation of the difficulties of gathering useable evidence; rather the government must base its needs on <u>real facts</u> and must specifically describe how, in the case at hand, it has encounted difficulties in penetrating the

criminal enterprise or in gathering evidence with normal techniques to the point where wiretapping becomes reasonable United States v Ashley, 876 F.2d at 1092 (Bare conclusory statements that normal techniques would be unproductive, based solely on an Affiants prior experience do not comply with 2518 (1) (C) United States v Vento 533 F.2d 838, 849 (3d cir 1976).

The Gouverments Application/Affidavits where insufficient. The Gouverments Affidavits are based on hearsay, False Statements, and Illegal obtained evidence. The gouverment clearly invaded the phones before the orders was Signed. The gouverment used illegal Administrative Subpoenas/national security Letters on both phones before the orders where Signed. See, 6-30 PO-00000015 paragraph .4 The gouverment already had obtained Subscriber information. See 6-54 PO Sheets 74, 81, 83, 87. The gouverment admits that they invaded the phones. National Security letters see. Federal criminal code and rules 18 (2709). There are more than enough reason why I should have an evidentiary hearing. I Willie Brown would Kindly apreciate if the Honorable Judge Gregory M. Sleet will hold an evidentiary hearing on the Title III wiretaps.

respectfully Submitted
Willie Brown

United States of America
            Plaintiff

            v                                          Criminal No. 06-50 (GMS)

Willie Brown
            Defendant

## Certificat of Service

I Willie Brown, Under Attorney Elliot Cohen, hereby certify that on the date listed below, that I have submitted Proposed conclusion of Law to the clerk of court for Filing, also to send a copy to the named parties. Honorable Gregory M. Sleet 844 King Street Wilmington, De 19801

Douglas E. Mccam, 1007 Orange Street, 7th Floor, Wilmington De

Elliot Cohen Two Penn Center Plaza 15th and JFK Boulevard Philadelphia, PA 19102

                                    Defendant, Willie Brown
                                    125 Cemetary Rd
                                    Woodstown, NJ 08098

April 23, 2007



Willie Brown
135 Cemetary Rd
Woodstown, NJ 08098

MAIL
SALEM COUNTY
CORRECTIONAL FACILITY

SOUTH JERSEY NJ 080
23 APR 2007 PM 3 L

Clerks Office
844 N. King St, Lockbox 18
Wilmington, De 19801-3570

U.S.M.S.
X-RAY

13801+3570 C012