## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-50-GMS |
| | : | |
| WILLIE BROWN, et al., | : | |
| | : | |
| Defendant. | : | |

## **FINAL JURY INSTRUCTIONS**

## TABLE OF CONTENTS

## FINAL INSTRUCTIONS

Role of the Jury ...............................................................................................................1

Evidence   .....................................................................................................................2

Direct and Circumstantial Evidence ..............................................................................5

Credibility of Witnesses ................................................................................................7

Not All Evidence, Not All Witnesses Needed ................................................................9

Presumption of Innocence; Burden of Proof; Reasonable Doubt ... .............................10

Nature of the Indictment ..............................................................................................12

On or About .................................................................................................................13

Venue............................................................................................................................14

Separate Consideration--Single Defendant Charged with Multiple Offenses................15

Stipulation   of   Facts   .................................................................................16

Audio/Video Recordings - Consensual .........................................................................17

Audio/Video Recordings - Non-consensual ..................................................................18

Audio/Video Recordings  - Transcripts .........................................................................19

Opinion Evidence (Expert Witness)...............................................................................20

Credibility of Witnesses – Law Enforcement Officers...................................................21

Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses .....................................22

Credibility of Witnesses - Testimony of Addict or Substance Abuser ......................................23

Impeachment of Witness – Prior Inconsistent Statement for Credibility Only ...........................24

Impeachment of Witness – Prior Conviction (F.R.E. 609) ...........................................25

False in One, False in All (*Falsus in Uno, Falsus in Omnibus*) ....................................................26

Defendant's   Choice   Not   to   Testify....................................................................................27

## THE CHARGES

Nature of the Charges – Introduction....................................................................................28

## CONSPIRACY OFFENSE
## COUNT I

Controlled Substances, Conspiracy to Distribute ..........................  ..............................................29

Conspiracy – Success Immaterial ..........................................................  ...............................30

Conspiracy – Existence of an Agreement ........................................................  ..................................31

Objective of the Conspiracy – Distribute Controlled Substances ...............................................32

Controlled Substances – Controlled Substance Defined ..............  ...............................................33

Controlled Substances – Knowingly or Intentionally Defined ......  ..............................................34

Controlled Substances – Distribute Defined....................................................................................35

Conspiracy – Membership in the Agreement ...............................................................................36

Conspiracy – Mental States ...........................................................................................................37

Conspiracy – Acts and Statements of Co-Conspirators ..................................................................38

Unindicted, Unnamed or Separately Tried Co-Conspirators .........................................................39

## SUBSTANTIVE CONTROLLED SUBSTANCE OFFENSES
## COUNTS II, III, IV, and V

Distribution of 50 Grams or More of Cocaine Base .......................................................................40

Controlled Substances – Distribute Defined....................................................................................41

Controlled Substances – Controlled Substance Defined ...............................................................42

Controlled Substances – Knowingly or Intentionally Defined .......................................................43

Proof of Required State of Mind – Intentionally, Knowingly, Willfully ....................................44

"Quantity" of "Cocaine Base" – Definition .................................................................................45

Accomplice Liability: Aiding and Abetting ................................................................................46

## DEFENSE

Entrapment........................................................................................................48

## DELIBERATIONS AND VERDICT

Introduction ...................................................................................................................50

Unanimous Verdict........................................................................................................51

Duty to Deliberate ........................................................................................................52

Punishment........................................................................................................53

Verdict Form........................................................................................................54

Court Has No Opinion........................................................................................................55

## FINAL INSTRUCTIONS

### Role of the Jury

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must apply the law that I give to you, whether you agree with it or not.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

1

## Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits;

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties; and

(4) Any facts that have been judicially noticed – that is, facts which I say you may accept as true even without other evidence.

The following are not evidence:

(1) The Indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

2

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case.

3

Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

### Direct and Circumstantial Evidence

Two types of evidence have been used in this trial, "direct evidence" and "circumstantial evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

5

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

## Credibility of Witnesses

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

7

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

8

## Not All Evidence, Not All Witnesses Needed

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

In this case, the defendant presented evidence and produced witnesses. The defendant is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

### Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant pleaded not guilty to the offenses charged. The defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with him unless and until the government has presented evidence that overcomes that presumption by convincing you that the defendant is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that you find the defendant not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that the defendant is guilty and this burden stays with the government throughout the trial.

In order for you to find the defendant guilty of the offenses charged, the government must convince you that the defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of

10

importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty of that offense.

11

## Nature of the Indictment

As you know, the defendant is charged in the Indictment with violating federal law, specifically with:

1.    One count of conspiracy to distribute 50 grams or more of cocaine base; and

2.    Four counts of distribution 50 grams or more of cocaine base.

As I explained at the beginning of trial, an Indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An Indictment is simply a description of the charges against a defendant. It is an accusation only. An Indictment is not evidence of anything, and you should not give any weight to the fact that the defendant has been indicted in making your decision in this case.

## On or About

You will note that the Indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## Venue

The Indictment alleges that some acts in furtherance of the offenses charged occurred here in the District of Delaware. There is no requirement that all aspects of the offenses charged or the entire conspiracy take place here in the District of Delaware. But for you to return a guilty verdict, the government must convince you that some act in furtherance of each of the crimes charged took place here in the District of Delaware.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that some act in furtherance of each of the crimes charged took place here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

14

### Separate Consideration--Single Defendant Charged with Multiple Offenses

The defendant Willie Brown is charged with several offenses; each offense is charged in a separate count of the Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

15

## Stipulation of Fact

The Government and the defendant have agreed that certain facts are true. You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

## Audio/Video Recordings - Consensual

During the trial you heard audio and video recordings of conversations with the defendant made without his knowledge. These recordings were made with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

## Audio/Video Recordings - Non-consensual

During the trial, you heard recordings of conversations with the defendant which were made without the knowledge of the parties to the conversations, but with the consent and authorization of the Court. These recordings (sometimes referred to as wiretaps) were lawfully obtained.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

### Audio/Video Recordings - Transcripts

You have heard audio recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must decide who you actually heard speaking in the recording. The names on the transcript were used simply for your convenience.

19

## Opinion Evidence (Expert Witness)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from DEA Special Agent Jeffrey Dunn as an expert in narcotics identification and narcotics trafficking, including code used in narcotics trafficking. Because of his knowledge, skill, experience, training, or education in his field, Special Agent Dunn was permitted to offer opinions in his respective field and the reasons for those opinions.

The opinions this witness stated should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness' qualifications, the reasons for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses. You may disregard his opinions entirely if you decide that his opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of his opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

## Credibility of Witnesses – Law Enforcement Officers

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

## Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense,

## Accomplices, Cooperating Witnesses

You have heard evidence that Mark Tatman:

> was an alleged accomplice and co-conspirator – that is, someone who says he participated in the crime charged; and

> has made a plea agreement with the government.

His testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea agreement with the government in exchange for his testimony, but you should consider his testimony with great care and caution. In evaluating Mark Tatman's testimony, you should consider this factor along with the others I have called to your attention. Whether or not their testimony may have been influenced by the plea agreement or alleged involvement in the crime charged is for you to determine. You may give his testimony such weight as you think it deserves.

You must not consider Mark Tatman's guilty plea as any evidence of Willie Brown's guilt. His decision to plead guilty was a personal decision about his own guilt. Such evidence is offered only to allow you to assess the credibility of the witness and to explain how the witness came to possess detailed first-hand knowledge of the events about which he testified. You may consider Mark Tatman's guilty plea only for these purposes.

22

## Credibility of Witnesses - Testimony of Addict or Substance Abuser

Evidence was introduced during the trial that Mark Tatman was abusing marijuana and alcohol in the general time period of the charged events. There is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his testimony must be considered with care and caution. The testimony of a witness who was abusing marijuana and/or alcohol may be less believable because of the effect the marijuana and/or drugs may have on his ability to perceive, remember, or relate the events in question.

After considering his testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

### Impeachment of Witness – Prior Inconsistent Statement for Credibility Only

You have heard the testimony of certain witnesses. You have also heard that before this trial they may have made statements that may be different from their testimony in this trial. It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial. These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use it as proof of the truth of what the witnesses said in the earlier statements. You can only use it as one way of evaluating the witnesses' testimony in this trial.

## Impeachment of Witness – Prior Conviction (F.R.E. 609)

You heard evidence that Mark Tatman, a witness, was previously convicted of a crime. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe Mark Tatman and how much weight to give to Mark Tatman's testimony.

**False in One, False in All (*Falsus in Uno, Falsus in Omnibus)***

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness' testimony concerning other matters.  You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

## Defendant's Choice Not to Testify

The defendant, Willie Brown, did not testify. A defendant has an absolute constitutional right not to testify. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that the defendant did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that the defendant did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

## THE CHARGES

### Nature of the Charges – Introduction

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the particular crimes charged were committed by the defendant. Also keep in mind that whether anyone else should be prosecuted and convicted for their crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proven this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

28

## COUNT I – CONTROLLED SUBSTANCES, CONSPIRACY TO DISTRIBUTE

Count I of the Indictment charges that on or about from about November 2005 through in or around April 2006, in the District of Delaware, the defendant agreed or conspired with one or more other persons to distribute a controlled substance.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find the defendant guilty of conspiracy to distribute a controlled substance, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

1.  *First*, that two or more persons agreed to distribute a controlled substance. I will explain the elements of this offense to you shortly;

2.  *Second*, that the defendant was a party to or member of that agreement;

3.  *Third*, that the defendant joined the agreement or conspiracy knowing of its objective to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that objective; and

4.  *Fourth*, that the overall scope of the conspiracy involved 50 grams or more of cocaine base.

I will explain these elements in more detail.

29

## Conspiracy – Success Immaterial

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy. You may find Willie Brown guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.

## Conspiracy – Existence of an Agreement

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, that is, to distribute 50 grams or more of cocaine base.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be accomplished.  The government is not even required to prove that all the people named in the Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

31

### Objective of the Conspiracy – Distribute Controlled Substances

The government alleges that the defendant agreed to work together with another individual to achieve the overall objective of the conspiracy, that is, to distribute 50 grams or more of cocaine base. That crime contains four essential elements:

**First:**     The defendant distributed a mixture or substance containing a controlled substance.

**Second:**     That the defendant distributed the controlled substance knowingly or intentionally.

**Third:**     That the substance distributed was cocaine base.

**Fourth:**     The weight of the mixture or substance containing the controlled substance was 50 grams or more.

Let me remind you of an important point. The offense you are to consider that is charged in Count One is not the actual distribution of cocaine base. You do not have to find that the defendant actually distributed cocaine base, only that he conspired to do so. I have instructed you here as to the elements of actual distribution so that you may understand the object of the alleged conspiracy – that is, the crime that the defendant is alleged to have conspired to commit.

32

## Controlled Substances – Controlled Substance Defined

You are instructed that, as a matter of law, cocaine base is a controlled substance, that is, some kind of prohibited drug.

## Controlled Substances – Knowingly or Intentionally Defined

To act knowingly, as used in the offense charged, means that the defendant was conscious and aware that he was engaged in the acts charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that the defendant knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that the defendant intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that the defendant knew that he agreed to a plan to distribute a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the overall scope of the conspiracy involved 50 grams of more of cocaine base. However, as long as you find that the government proved beyond a reasonable doubt that the defendant knew that what he agreed to was to a plan to distribute a controlled substance, you need not find that the defendant knew that what he agreed to a plan to distribute cocaine base and that the weight of the controlled substance was 50 grams or more.

In deciding whether the defendant agreed to act "knowingly or intentionally," to a plan to distribute cocaine base you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

34

## Controlled Substances – Distribute Defined

Distribute, as used in the offenses charged, means deliver or transfer possession or control of a controlled substance from one person to another.

Distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

### Conspiracy – Membership in the Agreement

If you find that a criminal agreement or conspiracy existed to distribute 50 grams or more of cocaine base, then in order to find the defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.

36

## Conspiracy – Mental States

In order to find the defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the government must prove (1) that the defendant knew of the objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent. For example, evidence that the defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that the defendant had the required intent or purpose that the conspiracy's objective be achieved.

37

## Conspiracy – Acts and Statements of Co-Conspirators

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the defendant, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in the defendant's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

## **DELIBERATIONS AND VERDICT**

### **Introduction**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing you should do is select a foreperson. Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have your foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

50

## Unanimous Verdict

Your verdict, as to each Count charged in the Indictment, whether it is guilty or not guilty, must be unanimous.

To find a defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves that defendant's guilt beyond a reasonable doubt as to the crime charged in that Count of the Indictment.

To find a defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of each defendant with respect to each Count of the Indictment, you then return to the courtroom. Your foreperson, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to each charge of the Indictment.

51

## Duty to Deliberate

Now that all the evidence is in, once the arguments are completed you will be free to talk about the case in the jury room. In fact, it will be your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## Punishment

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

## Verdict Form

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decide that the government has proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven a charge against a defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

## Court Has No Opinion

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved a defendant guilty beyond a reasonable doubt.